IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DIANE PAYNE, BOBBIE RAY TAYLOR, and HENRY ONSARIGO,** Plaintiffs | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:13-CV-00690-O |
| **D & D INVESTMENTS, INC.,** Defendant | § § § § | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, Diane Payne, Bobbie Ray Taylor, and Henry Onsarigo (collectively "Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, and respectfully file this Motion for Class Certification, and respectfully ask this Court to certify the action under Federal Rule of Civil Procedure 23.

### INTRODUCTION

1. Plaintiffs are residents of Texas, residing in the Northern District of Texas. Plaintiffs sued Defendant, D & D Investments, Inc. ("Defendant"), for violations of the Worker Adjustment and Retraining Act ("WARN Act") pursuant to 29 U.S.C. §§ 2102, 2104(a)(5). Plaintiffs file this Motion for Class Certification as soon as practicable after the commencement of the action.

### ARGUMENT

2. A motion for class certification must assert the four requirements of Federal Rule of Civil Procedure 23(a) are met and the class meets at least one of the three categories of Federal Rule of Civil Procedure 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117

S. Ct. 2231, 2245 (1997); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975 (5th Cir. 2000). One or more members of a class may sue as representative parties on behalf of the class if the following requirements are met: (1) the class is so large that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a); *Mullen v. Treasure Chest Casino, L.L.C.* 186 F.3d 620, 623 (5th Cir. 1999).

  3. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a) and (b) and the WARN Act 29 U.S.C. § 2104(a)(5). Plaintiffs bring this action on behalf of themselves and all other similarly situated employees. Plaintiffs seek to represent a class initially defined as: All employees who worked or reported to Defendant's facility located at Westhaven Nursing Center, 1617 W. Cannon St., Fort Worth, Texas 76104, and were terminated during the month of July 2013, or in the thirty (30) days following this time period, without cause as the reasonable foreseeable consequence of a mass layoff or plant closing ordered by Defendant, and are affected employees within the meaning of 29 U.S.C. § 2101(a)(5).

  4. This Court should grant Plaintiffs' Motion for Class Certification for the following reasons:

    (i) This class is so numerous that joinder of all members is impracticable. FED. R. CIV. P. 23(a)(1). Discovery has not been forthcoming in this case and as such, the exact number of the class is not known. The estimated size of the class to Plaintiffs' knowledge and belief is approximately 132 members, which satisfies the numerosity requirement under jurisprudence pertinent to the WARN Act. *Finnan v. LF. Rothe Child & Co., Inc.*, 726 F.Supp. 460, 465 (S.D.N.Y. 1989); *see e.g.*, *Cruz v. Abbet, Inc.*, 778

F.Supp. 605, 612 (E.D.N.Y. 1991); *Kelly v. Sabretech, Inc.*, 195 F.R.D 48, 53 (S.D. Fla. 1999); *Consol. Rail Corp. v. Town of Hyde Park*, 74 F.3d 473, 483 (2nd Cir. 1995); *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333, n.9 (7th Cir. 1969). Joinder of all the class members impacted by Defendant's acts and omissions would be extremely difficult and inconvenient.

(ii) There are questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2). Common questions include but are not limited to: (1) whether Defendant is an employer within the meaning of the WARN Act; (2) whether Defendant's acts triggered the 60-day notice requirement – specifically, if there was a "mass layoff" or "plant closing"; (3) whether statutory exceptions to the notice requirement apply; and (4) whether proposed class members suffered "employment loss" as defined by the WARN Act. These issues will affect all class members. *Robinson v. Metro-N Commuter R.R.*, 267 F.3d 147, 155 (2nd Cir. 2001).

(iii) The claims of named Plaintiffs are typical of all the class members. FED. R. CIV. P. 23(a)(3); *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002). Plaintiffs have the same interests and have generally suffered the same type of injury as the rest of the class. There is a sufficient relationship between Plaintiffs' injury and the conduct affecting the class.

(iv) Plaintiffs will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a)(4). Specifically, Plaintiffs are members of the class, they have the same interests as and no conflicts with the class members, they suffered the same injury as the class members, they have the means to pursue the case, and they have competent counsel. *Amchem Prods.*, 521 U.S. at 626 n. 20, 117 S. Ct. 2251 n. 20.

5.     This Court should certify the class because the common questions of law and fact predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.  FED. R. CIV. P. 23(b)(3); *Amchem Prods.*, 521 U.S. at 615, 117 S. Ct. at 2245-46.  Specifically, management of the class will not be difficult.  FED. R. CIV. P. 23(b)(3)(D); *Amchem Prods.*, 521 U.S. at 615-16, 117 S. Ct. at 2246.  Litigation of these claims in one forum is efficient, especially in the context of WARN Act litigation, which necessarily involves a single decision or set of decisions that affect the rights of hundreds of employees.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.  Furthermore, individual damages on the matter can be readily calculated by the statutory formula provided under the WARN Act.  Thus the question of individual damages will not predominate over legal and factual questions common to the class.

6.     In addition, this case in maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.  Further, adjudication of each individual member's claim as a separate action would be dispositive in the interest of other individuals not party to this action, impeding their ability to protect their interests.

## **CONCLUSION**

Based on the above, this case meets the numerosity, typicality, superiority, and adequacy requirements of Federal Rule of Civil Procedure 23(a).  Moreover, certification is appropriate because common questions of law or fact predominate over any individual issues that may be

presented in this case, and numerous individual suits would create the risk of establishing incompatible standards of conduct for Defendant. For these reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion for Class Certification.

Dated on this 10th day of January, 2014.

                                    Respectfully submitted by:

                                    */s/ Clint V. Cox, IV*

                                    _____
                                    ANTHONY "TONY" MALLEY, III
                                    State Bar No. 24041382
                                    MALLEY LAW FIRM, PLLC
                                    2626 Calder, Suite 104
                                    Beaumont, TX 77702
                                    Tel:   409-212-8888
                                    Fax:  409-212-8002
                                    tony@mallaw.com

                                    CLINT V. COX, IV
                                    State Bar No. 24040738
                                    FEE SMITH SHARP & VITULLO, LLP
                                    Three Galleria Tower
                                    13155 Noel Road, Suite 1000
                                    Fort Worth, TX 75240
                                    Tel:  972-980-3291
                                    Fax:  972-934-9200
                                    ccox@feesmith.com

                                    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with defense counsel and this **Plaintiffs' Motion for Class Certification** is opposed by Defendant, D & D Investments, Inc.

*/s/ Anthony "Tony" Malley, III*

_____
ANTHONY "TONY" MALLEY, III

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Plaintiffs' Motion for Class Certification** has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this 10th day of January, 2014.

*/s/ Anthony "Tony" Malley, III*

_____
ANTHONY "TONY" MALLEY, III